UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD CECIL WALKER, A # 205-135-043, <br><br> Petitioner, <br><br> v. <br><br> CRAIG A. LOWE, Warden, Pike County Prison, <br><br> Respondent. | CIVIL ACTION NO. 4:15-CV-00887 <br><br> (BRANN, J.) <br> (MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On May 6, 2015, the Court received and filed the instant petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241. (Doc. 1). In this petition, Edward Cecil Walker, a native and citizen of Ghana, challenges the legality of his mandatory detention. Petitioner is presently being held in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") at York County Prison, located in York County, Pennsylvania.[1] For the reasons stated herein, it is recommended that the petition be granted insofar as Petitioner seeks an individualized bond hearing.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On May 7, 2013, Petitioner pleaded guilty before the Court of Common Plea of Berks County, Pennsylvania, to a charge of possession with intent to deliver marijuana. (Doc. 19-3).

---

[1] ICE, which operates under the Department of Homeland Security ("DHS"), is one of several successor agencies to the United States Immigration and Naturalization Service established pursuant to the Homeland Security Act of 2002. Pub. L. No. 107-296, § 471, 116 Stat. 2135 (Nov. 25, 2002); *see also Dia v. Ashcroft,* 353 F.3d 228, 236 n.3 (3d Cir. 2003).

As a consequence of this conviction and upon completion of his sentence on May 23, 2013, Petitioner was taken into ICE custody for the initiation of removal proceedings and detention pursuant to the mandatory detention statute, 8 U.S.C. § 1226(c). (Doc. 1, ¶ 14). Petitioner remained in ICE custody under the mandatory detention statute for 29 months. (Doc. 19, at 1-3). On October 15, 2015, an immigration judge conducted an evidentiary hearing in regard to Petitioner's state court marijuana offense, and determined that due to ambiguities in the record of the state court proceedings, the government could not demonstrate that Petitioner was subject to mandatory detention under § 1226(c). (Doc. 12; Doc. 19, at 3). Accordingly, the immigration judge set bond for Petitioner at $2,500 pursuant to the non-mandatory detention statute, 8 U.S.C. § 1226(a). (Doc. 12; Doc. 19, at 3). Petitioner posted bond and was released from custody a few days later. (Doc. 12; Doc. 19, at 3).

Petitioner's release from custody was short-lived, however, as he was re-detained under mandatory custody on December 14, 2015, after ICE obtained Petitioner's plea colloquy from the state court proceedings, which established that the amount of marijuana at issue in the case was enough to trigger mandatory detention under § 1226(c). (Doc. 13, at 1; Doc. 14, at 2; Doc. 14-1, at 4). Petitioner remains in ICE custody pursuant to § 1226(c). (Doc. 14, at 1-2). Since his initial transfer to ICE custody on May 23, 2013, Petitioner has spent a total of approximately 32 months detained without bond under § 1226(c).

Petitioner filed the instant petition for a writ of habeas on May 6, 2015, at which time he had been held in ICE custody without bond for nearly two years. (Doc. 1). Among his grounds for relief, Petitioner sought an individualized bond hearing "at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011); *Chavez-Alvarez v. Warden*

*York Ctny. Prison*, 783 F.3d 469, 475 (3d Cir. 2015). On May 8, 2015, this Court issued an order to Respondent to show cause as to why relief should not be granted. (Doc. 3). Respondent filed a response on June 11, 2015. (Doc. 6). On June 23, 2015, Petitioner filed a traverse. (Doc. 7). Petitioner subsequently filed status reports to inform the Court of the immigration judge's October 15, 2015 evidentiary hearing in which Petitioner was granted bond (Doc. 12), and Petitioner's subsequent re-detention approximately two months later (Doc. 13).

On February 1, 2016, Respondent filed a status report suggesting that Petitioner's petition be deemed moot because Petitioner received a bond hearing on October 15, 2015 (albeit an evidentiary hearing as opposed to a hearing on the constitutionality of Petitioner's prolonged mandatory detention) and because Petitioner's condition was no longer continuous. (Doc. 14). The following day, Petitioner filed a response opposing Respondent's suggestion of mootness. (Doc. 15). The Court held a telephone status conference on February 9, 2016, at which time it granted the parties an opportunity to file supplemental briefing on the status of Petitioner's petition. (Doc. 17). Petitioner filed a supplemental brief outlining his position on February 16, 2016. (Doc. 19). One week later, Respondent filed a response in which the government conceded that the petition is not moot and that Petitioner is entitled to an individualized bond hearing in which the government would bear the burden of demonstrating the necessity of Petitioner's continued detention, given Petitioner's prolonged detention and in light of the United State Court of Appeals for the Third Circuit's existing precedent. (Doc. 20); *Chavez-Alvarez*, 783 F.3d at 475; *Diop*, 656 F.3d at 233. On February 29, 2016, Petitioner filed a short reply requesting the Court to conduct the bond hearing, or, in the alternative, to retain jurisdiction. (Doc. 21, at 1-2). Having been fully briefed, this matter is now ripe for disposition.

**II.     DISCUSSION**

The crux of this habeas petition is Petitioner's challenge to the constitutionality of his prolonged detention without a bond hearing prior to the entry of a final order of removal. (Doc. 1, at 11-21). Petitioner's convictions give rise to the mandatory detention provisions of 8 U.S.C. § 1226(c)(1)(B). Section 1226(c) mandates detention during immigration proceedings of aliens who are removable based on certain enumerated offenses, including aggravated felonies. Recent Third Circuit caselaw has defined the contours of the constitutional protection against excessive prolonged detention pending removal proceedings. *See Chavez-Alvarez*, 783 F.3d at 475; *Diop*, 656 F.3d at 233. In *Chavez-Alvarez v. Warden York County Prison*, the Third Circuit explained that mandatory detention pursuant to § 1226(c) does not *ipso facto* violate due process:

> Before 1996, significant numbers of aliens convicted of serious crimes were taking advantage of their release on bond as an opportunity to flee, avoid removal, and commit more crimes. *Demore v. Kim,* 538 U.S. 510, 518–19, (2003). Congress fixed this problem by enacting section 1226(c), expanding the range of serious crimes for which the Government was required to detain convicted aliens. Notably, section 1226(c) does not give the Attorney General any authority to release these aliens on bond. *Id.* at 521.
> . . .
> The Supreme Court left no doubt that the Government's authority under section 1226(c) to detain aliens without an opportunity for bond complies with the Constitution. *Id.* at 531. However, as we discuss below, we read *Demore* as also recognizing that there are limits to this power. *Diop,* 656 F.3d at 221.

783 F.3d at 472-73 (internal citations omitted).

One limit to the mandatory detention power under § 1226(c) recognized by the Third Circuit is that "the statute authorizes only mandatory detention that is reasonable in length." *Diop,* 656 F.3d at 235. Furthermore, "it is possible that a detention may be unreasonable even though the Government has handled the removal case in a reasonable way." *Chavez-Alvarez,* 783 F.3d at 475. Specifically, the Third Circuit in *Chavez-Alvarez* held that in cases where a petitioner brings a good faith challenge to his or her removal from the United States:

> [B]eginning sometime after the six-month timeframe considered by *Demore,* and certainly by the time [a petitioner] had been detained for one year, the burdens to [the petitioner]'s liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of the statute. We conclude that the underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner]'s continued detention was or is necessary.
>
> 783 F.3d at 478.

Thus, where a petitioner's detention extends beyond the six-month to one-year time frame delineated in *Chavez-Alvarez*, the reviewing court should order an individualized bail hearing to determine "whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Diop*, 656 F.3d at 231; *Chavez-Alvarez,* 783 F.3d at 475. Furthermore, at these individualized bail hearings "the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Diop*, 656 F.3d at 233.

Applying the Third Circuit's established framework to the facts of this case, it is clear that Petitioner has shown that he is entitled to an individualized bail hearing, as Respondent concedes. (Doc. 20, at 2). As in *Chavez-Alvarez*, the Petitioner's legal challenge to this case appears to be presented in good faith. 783 F.3d at 478. Moreover, Petitioner's prolonged mandatory duration without a bond hearing, now totaling approximately 32 months, greatly exceeds the one-year period at which point mandatory detention is presumed excessive. *Chavez-Alvarez,* 783 F.3d at 478. This Court therefore concludes that Petitioner is entitled to an individualized bail hearing where the government will have the burden of demonstrating that continued detention is still necessary.

Having found that Petitioner is entitled to an individualized bail hearing, the Court now turns to the issues raised in Petitioner's most recent filing, concerning whether the Court itself

should conduct the bond hearing, or, in the alternative, whether the Court should retain jurisdiction. (Doc. 21, at 1-2). In *Chavez-Alvarez*, the Third Circuit suggested that an immigration judge can, and often should, make an initial bail determination. 783 F.3d at 478 n.12; *see Leslie v. Holder*, 865 F. Supp. 2d 627, 631 (M.D. Pa. 2012) (noting that district court permitted initial bail review to be conducted by an immigration judge, "[m]indful of the deference which should be accorded in the first instance to agency decision-making processes"). Federal courts frequently defer to immigration judges under these circumstances. *See, e.g.*, *Casas–Castrillon v. Dep't of Homeland Security,* 535 F.3d 942 (9th Cir. 2008); *Reid v. Donelan,* 991 F. Supp. 2d 275 (D. Mass. 2014); *Chen v. Aitken,* 917 F. Supp. 2d 1013 (N.D. Cal. 2013); *Singh v. Sabol*, No. 1:14-CV-1927, 2015 WL 3519075, at *6 (M.D. Pa. June 4, 2015), *appeal dismissed*, (Sept. 9, 2015); *Wilks v. U.S. Dep't of Homeland Security,* No. 07–2171, 2008 WL 4820654 (M.D. Pa. Nov. 3, 2008). Furthermore, although Petitioner expresses skepticism of the immigration court's administrative process, this Court notes that an immigration judge previously ruled in Petitioner's favor at the October 15, 2015 evidentiary hearing. (Doc. 12; Doc. 19, at 3). For these reasons, the Court recommends that this matter be referred to an immigration judge for the initial bail determination, at which time the government will bear the burden of proving that continued detention is necessary. However, to reconcile "the deference which should be accorded in the first instance to agency decision-making processes," *Leslie,* 865 F. Supp. 2d at 631, with the District Court's concurrent jurisdiction stemming from the responsibility to address federal habeas corpus petitions filed by immigration detainees, it is further recommended that the District Court retain the authority to conduct its own individual bail consideration, if necessary.

## III. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Within a specified period following the adoption of this Report, an immigration judge shall afford the Petitioner an individualized bail hearing, consistent with the legal benchmarks outlined in the accompanying memorandum of law.

2. At this hearing the immigration judge must make an individualized inquiry into whether detention is still necessary for the purposes of ensuring that the Petitioner attends removal proceedings and that his release will not pose a danger to the community. *Chavez–Alvarez v. Warden York Cnty. Prison,* 783 F.3d 469, 475 (3d Cir.2015). Further, the government bears the burden of presenting evidence at this hearing and proving that Petitioner's continued detention is necessary to fulfill the purposes of the detention statute. *Diop v. ICE/Homeland Sec.,* 656 F.3d 221, 233 (3d Cir.2011).

3. The parties shall report to the District Court on the outcome of the individualized bail determination within two business days of the immigration judge's hearing.

4. If necessary, the District Court will conduct a bail determination, under the standards governing bail in habeas corpus proceedings, at a date and location to be determined.

**Dated: March 31, 2016**               **BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD CECIL WALKER,<br>A # 205-135-043,<br><br>        Petitioner,<br>    v.<br><br>CRAIG A. LOWE, Warden, Pike County Prison,<br><br>        Respondent. | CIVIL ACTION NO. 4:15-CV-00887<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 31, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 31, 2016**                                                                                             s/ *Karoline Mehalchick*
                                                                                                                                        **KAROLINE MEHALCHICK**
                                                                                                                                        **United States Magistrate Judge**