IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD CECIL WALKER, | : | Civil Action No. 4:15-CV-0887 |
| Petitioner, | : | (Judge Brann) |
| v. | : | |
| CRAIG A. LOWE, *in his official capacity as Warden of Pike County Prison, et. al.,* | : | |
| | : | (Magistrate Judge Mehalchick) |
| Respondents. | : | |

**ORDER**

June 7, 2016

**I. Introduction**

On May 6, 2015, Petitioner, Edward Cecil Walker, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the Court conduct, or, in the alternative, order an immigration judge to conduct, a hearing to determine if continued detention pending removal is justified.[1]

The matter was jointly assigned to Magistrate Judge Karoline Mehalchick,

---

[1] ECF No. 1.

1

who issued a report and recommendation on March 31, 2016.[2] Magistrate Judge Mehalchick found that Petitioner is entitled to a hearing, before an immigration judge; both the Petitioner and Respondents agree with this recommendation.[3] Therefore, this portion of the report and recommendation will be adopted and the petition granted; the immigration judge will be ordered and directed to conduct a hearing.

However, Magistrate Judge Mehalchick also included a final recommendation that states "if necessary, the District Court will conduct a bail determination, under the standards governing bail in habeas corpus proceedings, at a date and location to be determined."  The Respondents object to this portion of the magistrate judge's recommendation. The Petitioner does not object to this Court's retention of jurisdiction.

The Court will defer decision on this recommendation.  The Court agrees in

---

[2] ECF No. 23.

[3] The petitioner originally indicated that he did not object to the report and recommendation. April 15, 2016, ECF No. 26.  However, on June 6, 2016, the petitioner filed a letter with this Court, ECF No. 28, attaching a case decided by my colleague in this district, the Honorable William W. Caldwell, in which he held that he would hold the hearing himself, as opposed to deferring to the immigration judge.  Although I understand the reasoning in that matter was to protect the petitioner who had been held in detention for an lengthy amount of time, I do not choose to usurp the authority of immigration judges at this juncture, and instead follow the majority of courts in this district which defer to the immigration judge. *See Leslie v. Holder*, 865 F. Supp. 2d 627 (M.D. Pa. 2012) (noting that District Courts should be "mindful of the deference which should be accorded in the first instance to agency decision-making processes.").

part with the Respondent's suggestion that this final recommendation puts the cart before the horse, so to speak.  At this juncture, the Court will defer to the sound discretion of an immigration judge and not presume error in advance.  The Court will, correspondingly adopt the report and recommendation only in part, grant the petition and close the case, with the caveat that the Petitioner may move to reopen the case if he is not afforded the individualized bond hearing as ordered by this Court.

In accordance with this Order and the Report and Recommendation of the magistrate judge (with the modifications to it as discussed herein), **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of the Magistrate Judge is ADOPTED in part and REJECTED in part.  ECF No. 23.

2. The Petition for Writ of Habeas Corpus is GRANTED.  ECF No. 1.

3. The Immigration Judge shall afford Petitioner Edward Cecil Walker an individualized bond hearing within fourteen (14) days of the date of this Order.  The immigration judge must make an individualized inquiry into whether detention is necessary for the purposes of ensuring that the Petitioner attends removal proceedings and that his release will not pose a danger to the community. *See Chavez-Alvarez*

*v. Warden York Cnty. Prison,* 783 F.3d 469, 475 (3d Cir. 2015). Further, the government bears the burden of presenting evidence at this hearing and proving that Petitioner's continued detention is necessary to fulfill the purposes of the detention statute. *Diop v. Ice/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011).

4. The clerk is directed to close the case.

5. If the Petitioner does not receive the individualized bond hearing to which he is entitled, he has thirty (30) days from the date of this Order to move to reopen the case.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge