UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD CECIL WALKER,** | : | **CIVIL NO. 4:15-CV-0887** |
| Petitioner, | : | (Judge Brann) |
| v. | : | |
| **CRAIG A. LOWE et al.,** | : | |
| Respondents. | : | |

## MEMORANDUM OPINON

August 1, 2016

### I. BACKGROUND:

On May 6, 2015, Edward Cecil Walker, hereinafter "Walker" or "Petitioner," filed a Petition for Writ of Habeas Corpus.[1]  Walker is a native of Ghana who had been admitted legally to the United States in 2009 as a nonimmigrant student.  In 2011, Walker married a United States citizen; he and his wife, Khadijah, have two United States citizen children.

In 2013, Walker plead guilty to Possession with Intent to Deliver, hereinafter "PWID," in the Court of Common Pleas of Berks County.  Walker admitted

---

[1] ECF No. 1.

possession of 187 grams of marijuana.  He was sentenced to a term of time served.

On May 23, 2013, soon after he was released from custody in Berks County, deportation proceedings were initiated.  Immigrations and Customs Enforcement, hereinafter "ICE" detained Walker pursuant to the mandatory custody provision of 8 U.S.C. 1226(c) and 1227(a)(2)(A)(iii) by determining that Walker was convicted of an "aggravated felony."  A final administrative removal order was issued on August 8, 2013.  Approximately one year later, on August 27, 2014, the United States Court of Appeals for the Third Circuit granted Walker's request for a stay of removal pending a reasonable fear of persecution determination under 8 CFR §§ 208.31 and 1208.31.

On August 15, 2015, the Third Circuit vacated the final order of removal.  In doing so, it held that, using the modified categorical approach, the Pennsylvania marijuana PWID conviction was not an aggravated felony within the meaning of the immigration laws.

As a result of this determination, on October 15, 2015, an immigration judge ordered Walker to be released on a $2,500 bond.  His family posted the bond and he was subsequently released.  However, Walker was redetained by ICE on December 14, 2015, after he and his wife were accused of stealing a television from a retail store in the State of New York. Those charges are still pending.

On June 7, 2016, after Walker had been in ICE custody for approximately three (3) years, I ordered the immigration judge to conduct an individualized bond hearing. The immigration judge did so, and ordered Walker's release on a $15,000 bond. Walker's counsel moved for a hearing with this Court, as Walker does not have the resources to post a $15,000 bond. Pursuant to this Court's habeas corpus jurisdiction, the Court held an individualized bond hearing on July 28, 2016.

Based on the testimony at the bond hearing, the Court has determined that continued detention is unnecessary as Walker is neither a flight risk, nor a danger to the community; due process considerations necessitate his release.

**II. DISCUSSION:**

"It was long ago decided that the Government has authority to detain any alien during removal proceedings."[2] However, the United States Supreme Court has also "reiterated the fundamental idea that aliens are protected by constitutional due process."[3] "[T]he constitutionality of this practice is a function of the length of the detention....the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past

---

[2] *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 472 (3d Cir. 2015), *Wong Wing v. United States*, 163 U.S. 228, 235, 16 S.Ct. 977, 41 L.Ed. 140 (1896).

[3] *Id., see also Demore v. Kim,* 538 *U.*S. 510, 523, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).

[certain] thresholds."[4] "By its very nature, the use of a balancing framework makes any determination on reasonableness highly fact-specific."[5] "[D]ue process requires us to recognize that, at a certain point—which may differ case by case the burden to an alien's liberty outweighs a mere presumption that the alien will flee and/or is dangerous."[6] "The primary point of reference for justifying the alien's confinement must be whether the civil detention is necessary to achieve the statute's goals: ensuring participation in the removal process, and protecting the community from the danger that he or she poses."[7]

Based on the Third Circuit's guidance, I held an individualized bond hearing where counsel for both Walker and the government were present. In addition, Walker testified on his behalf, and his proposed custodian, his aunt, Margaret Lester, testified.

*Finding 1: Walker has been detained in immigration custody for a period that exceeds due process limits.*

Walker has been in immigration custody, with the exception of a few weeks the fall of 2015, for more than three (3) years. There has been no final order of

---

[4] *Chavez-Alvarez,* 783 F.3d at 474, *citing Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 232-4 (3d Cir.2011).

[5] *Chavez-Alvarez* 783 F.3d at 474.

[6] *Id.* at 474-5.

[7] *Id.* at 475.

removal issued (other than the order described above which was vacated by the Third Circuit). Accordingly, he is at 'square one' of the removal process and, if not released, would languish for an unknown period of time in the York and/or Pike County jails.

*Finding 2: Walker is not a flight risk.*

Walker has familial ties to the United States. He has several United States citizen family members –a wife, two children, a mother in law, brother in law and his aunt, Margaret Lester, who resides in Georgia.

Walker appears likely to attend future immigration proceedings as during the brief periods when he was not incarcerated, he attended his state trial court proceedings as well as his immigration proceedings.

Walker's plan, should a final order of removal issue, is to move to Finland to reside with his younger brother. If released to his aunt's custody in Georgia, he intends to contact the Ghanan embassy to obtain the travel documents that he would need to go to Finland if he were ordered removed from the United States.

*Finding 3: Walker is not a danger to the community.*

Walker has no history of violence or aggressive behavior. His only misconduct while incarcerated was one incidence of 'talking back' to a corrections

officer. Furthermore, Walker was able to maintain a job in prison. Before he was transferred to the York County prison where he currently resides, he was the head cook in Pike County prison for fourteen months.

The Government pointed out that in his short release from ICE custody in the fall of 2015, Walker, along with his wife, was charged for an alleged theft of a television. This charge is still pending. This charge does not lead the Court to believe that he is a danger to the community. Moreover, he testified that he was in New York State when ICE arrived at his residence on a Friday to re-detain him in December of 2015. After his wife phoned him to alert him, he left New York and returned to his wife's residence in Reading, Pennsylvania where ICE detained him the following Monday. This further leads the Court to conclude that Walker is not a flight risk based on his return home when he was aware that ICE would redetain him.

*Finding 4: Walker's Aunt Margaret Lester is an appropriate custodian.*

Margaret Lester is a United States citizen with a master's degree who has worked as a manager for an insurance company for the past 10 years. She is willing to house and financially support Walker together with his wife and children if he is released to her custody. She has never been arrested and does not own any weapons. She is willing to ensure that Walker attends all court and ICE

proceedings. She is also willing to advise the Court if Walker were to break a law or leave her custody.

### III.  CONCLUSION

For all of the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus will be granted by Order docketed today.  A separate Order Setting Conditions of Relase will also be issued today's date.

BY THE COURT:

*/s Matthew W. Brann*  
Matthew W. Brann  
United States District Judge
